Anthony L. HUTCHINSON, Plaintiff–Appellant

v.

BANK OF AMERICA, N.A., Defendant–Appellee.

No. 13–20658
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 17, 2014.

Latoya P. Jarrett, Esq., Jarrett Law Group, Ray L. Shackelford, Houston, TX, for Plaintiff–Appellant.

Richard Dwayne Danner, Litigation Counsel, Nathan Templeton Anderson, McGlinchey Stafford, P.L.L.C., Dallas, TX, Matthew A. Knox, John L. Verner, McGlinchey Stafford, P.L.L.C., Houston, TX, for Defendant–Appellee.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Anthony L. Hutchinson appeals the October 16, 2013 Final Judgment of the district court dismissing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

all claims with prejudice. We affirm.[1]

Hutchinson purchased real estate in Houston, Texas in 2006, executing promissory notes and deeds of trust on which he defaulted in August 2008. Following Hutchinson's years of occupancy of the property but non-payment of monthly installments plus other defaults, Defendant–Appellee Bank of America ("BOA") instituted foreclosure proceedings on one of the properties and bought it in at foreclosure sale, but did not institute foreclosure proceedings on the other property at that time. A few months earlier, Hutchinson had sued BOA in state court for damages and injunctive relief against foreclosure. Then, in September 2012, he amended his state court claim to add a number of common law and statutory claims. The state court proceedings were removed to the district court.

In response to BOA's Motion for Summary Judgment, the district court painstakingly analyzed the claims Hutchinson asserted under the Texas Property Code § 51.002(d), Texas Finance Code § 158.101 / Texas Administrative Code, Chapter 79, and the State Deceptive Trade Practices Act, as well as claims for breach of contract and negligence. One by one, the Court debunked each of those dilatory actions by Hutchinson, clearly aimed at prolonging occupancy and possession of the properties while avoiding payments on the obligations secured by the encumbrances.

As we agree totally with the reasoning and results set forth by the district court in its Memorandum Opinion & Order of even date with its Final Judgment, we will not further waste the time of the parties or judicial resources by reiterating that analysis. It suffices that the district court "got it right" in every instance.

For the reasons set forth by the district court, its Final Judgment dismissing Hutchinson's claims with prejudice is, in all respects,

AFFIRMED at Hutchinson's costs.

---

1. Judge Haynes concurs in the Judgment only.?